IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. GURDA PRODUCE CO., INC.,<br>35 Davandjer Lane<br>Pine Island, NY 10969,<br>   *Plaintiff,*<br><br>vs.<br><br>HUNTER BROS., INC.,<br>6700 Essington Avenue<br>Suites H8 & H9<br>Philadelphia, PA 19153,<br>and<br>FRANK WIECHEC, III,<br>6700 Essington Avenue<br>Suites H8 & H9<br>Philadelphia, PA 19153,<br>   *Defendants.* | NO.: |

## COMPLAINT

Plaintiff, A. Gurda Produce Co., Inc. ("Plaintiff"), brings this Complaint against Defendants Hunter Bros., Inc. ("Hunter") and Frank Wiechec, III (hereinafter "Wiechec," and, together with Hunter and Plaintiff, the "Parties"), and Plaintiff alleges as follows:

## PARTIES

1. At all relevant times, Plaintiff (a) was a New York corporation having its office and principal place of business located at 35 Davandjer Lane, Pine Island, NY 10969, and a mailing address of P.O. Box 2356, Middletown, NY 10940; (b) has been in the business of selling wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate commerce; and (c) is a produce dealer subject to

and licensed dealer under PACA. *See*, Plaintiff's license information annexed hereto as **Exhibit "A."**

2. Defendant Hunter is a Pennsylvania corporation with its principal place of business located at 6700 Essington Avenue, Suites H8 & H9, Philadelphia, PA 19153. Defendant is engaged in the business of, among other things, buying wholesale produce and selling such produce in retail commerce, and was, at all relevant times, subject of the provisions of PACA as both a retailer and a dealer as such terms and define in PACA.

3. Upon information and belief, Wiechec has a principal place of business located at 6700 Essington Avenue, Suites H8 & H9, Philadelphia, PA 19153, and Wiechec is and was an officer, director, and/or shareholder of Defendant Hunter, during the Claim Period (defined below) who, controlled the operations of Hunter, and was in a position of control over the PACA Trust (defied below) assets belonging to Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to § 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), and pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(A).

## ALLEGATIONS COMMON TO ALL COUNTS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

7. Between October 10, 2017 through September 18, 2018, Plaintiff sold and delivered to Hunter, in interstate commerce, wholesale amounts of Produce worth $98,847.30 to Defendants who (i) accepted same (the "Accepted Produce") and (ii) agreed to pay Plaintiff that principal amount pursuant to the Parties' contracts.

8. At the time Defendants received and accepted the Accepted Produce, Plaintiff became a beneficiary in a floating, non-segregated statutory trust (the "PACA Trust"") designed to assure payment to produce suppliers.

9. The PACA Trust consists of inventories of Produce, food or products derived from Produce ("Products"), accounts receivable, proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds in the possession or control of Defendants. Assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets."

10. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $98,847.30 by delivering to Defendants invoices containing the requisite statutory language pursuant to 7 U.S.C. § 499e(c)(4), by sending those invoices to Defendants, and remains a beneficiary thereof until full payment is made for the Accepted Produce. A summary of the invoices for Hunter reflecting the principal amount due and owing are annexed hereto as **Exhibit "B."**

11. Defendants have failed and refused to pay Plaintiff any portion of the $98,847.30 principal due and owing for the Accepted Produce, despite Plaintiff's repeated demands. Defendants have violated their statutory, regulatory and contractual duties to preserve and turnover the PACA Trust Assets belonging to Plaintiff by dissipating those assets.

## AS AND FOR FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Injunctive Relief)

12. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Defendants' failure to make payments to Plaintiff of trust funds in the principal amount of at least $98,847.30 from the PACA Trust is violation of PACA and PACA regulations, and is unlawful.

14. Defendants' continued operations are continuing to dissipate the PACA Trust assets.

15. Therefore, pursuant to PACA and prevailing legal authority, Plaintiff is entitled to temporary and permanent injunctive relief against Defendants, enjoining and restraining Defendants and their respective agents from further dissipating the PACA Trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Failure to Make Prompt Payments of Trust Funds)

16. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. Defendants received each of the produce shipments on which this action is based.

18. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to the Invoices rendered and PACA.

19. As a direct and proximate result of Defendants' failure to maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages in the

principal amount of $98,847.30 plus interest from the date of each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT FRANK WIECHEC, III
**(Unlawful Disposition of Trust Assets by a Corporate Official)**

20.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     Upon information and belief, Defendant Wiechec is an officer, director and/or shareholder who operated Hunter during the Claim Period and, was in position of control over the PACA Trust assets belonging to Plaintiff.

22.     Upon information and belief, Defendant Wiechec failed to direct Hunter to fulfill its statutory duty to preserve the PACA Trust assets and pay Plaintiff for the Produce it supplied to Hunter, which is unlawful dissipation of the PACA Trust assets by a corporate official and breach of his fiduciary as PACA Trustee.

23.     As a result of said unlawful dissipation of PACA Trust assets, Plaintiff has been deprived of its rights as beneficiary in the PACA Trust and has been denied payment for the Produce it supplied, and therefore, Plaintiff has incurred damages in the amount of $98,847.30, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Failure to Pay for Goods Sold)**

24.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Defendants failed and refused to pay Plaintiff the amount of at least $98,847.30 owed to Plaintiff for the produce delivered to, and received by, Defendants.

26. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has suffered damages in the principal amount of $98,847.30, plus interest, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT HUNTER
(Breach of Contract)

27. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Hunter received Plaintiff's terms and conditions of sale which were contained in each of the Invoices for Produce delivered to Hunter, including the terms of credit agreed to between the Hunter and Plaintiff.

29. Hunter received the Invoices without objection on or about the dates indicated on the face of each Invoices.

30. Each Invoice constitutes a valid and enforceable agreement between Hunter and Plaintiff.

31. Hunter breached the terms and conditions of the invoices by failing to timely remit payment for the produce it received from Plaintiff.

32. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under its agreement with Hunter and the Invoices.

33. As a direct and proximate result of Hunter' breach of contract, Plaintiff has suffered damages in the principal amount of at least $98,847.30, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

34. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff's Invoices expressly provide for Plaintiff to recover interest and reasonable attorney's fees incurred by Plaintiff as a result of Defendants' failure to make full payment of all sums due to Plaintiff for the delivery of the Produce.

36. As a result of Defendants' continuing failure to make full payment promptly in the amount of $98,847.30, Plaintiff has been required to pay attorneys' fees in order to pursue its claims against Defendants to force compliance by Defendants with their respective statutory duties under PACA, as well as, the Defendants' contractual obligations pursuant to the Invoices, and upon information and belief, will continue to incur such costs and fees until resolution of this mater and recoupment of all PACA Trust proceeds

**WHEREFORE**, Plaintiff, A. Gurda Produce Co., Inc., respectfully requests the following relief:

   A. On the FIRST CAUSE OF ACTION, preliminary and permanent injunction enjoying and restraining Defendants and their agents from further dissipating the PACA Trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties;

   B. On the SECOND CAUSE OF ACTION, judgment against Defendants, jointly and severally, in the amount of at least

$98,847.30 under the trust provisions of PACA, plus interest, costs and reasonable attorney's fees;

C. On the THIRD CAUSE OF ACTION, judgment against Wiechec in the amount of at least $98,847.30 under the trust provisions of PACA;

D. On the FOURTH CAUSE OF ACTION, judgment against Defendants, jointly and severally, in the amount of at least $98,847.30, plus interest, costs and reasonable attorney's fees;

E. On the FIFTH CAUSE OF ACTION, judgment against Hunter in the amount of at least $98,847.30, plus interest, costs and reasonable attorneys' fees;

F. On the SIXTH CAUSE OF ACTION, judgment against Defendants, jointly and severally, for pre-judgment interest, costs and reasonable attorney's fees; and

G. Such other and further relief as the Court deems just and proper

Dated: 8/22/19

Stephen M. Hladik, Esquire
*Attorneys for Plaintiff*